IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| LENNY J. RUSTAD, | CV 16–72–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| BANK OF AMERICA CORPORATION and BANK OF AMERICA, N.A., | |
| Defendants. | |

WHEREFORE, the parties having stipulated to entry of the following Stipulated Protective Order, and good cause appearing,

IT IS HEREBY ORDERED that the following Stipulated Protective Order (the "Order") shall be in effect and govern the designation and handling of documents and information designated as confidential or proprietary by a party in this case:

**ORDER**

By and through their counsel of record, the parties hereby stipulate as follows:

1. Certain documents (and related information, materials, documents,

and/or records) produced in the course of this action (the "Litigation") may contain sensitive, confidential, proprietary, or secret commercial information not designed or meant for public disclosure or barred from disclosure by law (the "Protected Information"). Such documents or information produced by Plaintiff or Defendants may be classified as "Confidential" or "Proprietary" by the producing party (the "Designating Party"). This Order shall govern the use and dissemination of all information, documents, or materials that are produced in this action and designated "Confidential" or "Proprietary."

    a. "Confidential" or "Proprietary" documents shall include all documents and copies of such documents which the Designating Party has designated as "Confidential" or "Proprietary" by marking each page of each document "Confidential" or "Proprietary." The Designating Party may also designate other material, including, but not limited to, interrogatory responses, responses to requests for admission, deposition transcripts, deposition videos, information or other written, recorded, or graphic material produced or disclosed in this Litigation as "Confidential" or "Proprietary" and thus bring them within the scope of this Order. In lieu of marking the originals of such documents, any party may mark the copies of such documents that are produced or exchanged.

b. Any summary, compilation, notes, copy, electronic image, or database containing Protected Information shall be subject to the terms of this Order to the same extent as the material or information from which the summary, compilation, notes, copy electronic image, or database is made or derived.

c. Any inadvertent disclosure shall not be construed as a waiver by the Designating Party of any right to assert the protections of this Protective Order as to that inadvertently disclosed information.

2. Protected Information used in this Litigation may be disclosed only to "Qualified Persons." "Qualified Persons" as used in this Order means:

a. This Court and its personnel;

b. Any third party appointed by the Court or retained by the parties for settlement purposes or resolution of discovery or other disputes and their staff;

c. Counsel of record for any party, including partners and associate attorneys assigned to this litigation, and all paralegal assistants, stenographic and clerical employees when working under the direct supervision of each such attorney to whom it is necessary that "Confidential" or "Proprietary" information be shown for purposes of the Litigation;

d. Experts, witnesses, potential witnesses, and mock jurors employed, retained, or consulted by any party for the purpose of assisting in the preparation for trial or trial of this Litigation;

e. The named parties, or a designated representative of a party, who may be assisted by stenographic and clerical employees under the direct supervision of other Qualified Persons as herein defined; and

f. Court reporters and stenographic reporters engaged in activities necessarily incident to the preparation for trial of the Litigation.

g. The named parties or their employees or agents who use "Confidential" or "Proprietary" information for on-going business activities, including the servicing of the subject loan.

3. Any documents or information designated "Confidential" or "Proprietary" information during a deposition, or which are marked as exhibits or shown to the deponent or otherwise employed during a deposition shall be considered "Confidential" or "Proprietary" information and subject to this Order.

4. Unless deemed admissible at the time of trial, any information designated as "Confidential" or "Proprietary" shall not be made available to any persons other than the Court (under seal) and those Qualified Persons listed in Subparagraphs 2.a. through 2.f. above. Qualified Persons who receive "Confidential" or

"Proprietary" information shall use it solely for the purpose of this Litigation, and for no other purpose whatsoever.

5. The failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection. Arrangements shall be made for the return to the Designating Party of all copies of the mis-designated documents for the substitution, where appropriate, of properly labeled copies.

6. The limitations of this Order shall not apply to any information or document or thing which, at or prior to disclosure thereof in this action, is or was publicly available, or which after disclosure thereof, becomes publicly available other than by act or omission of the Receiving Party or its agents.

7. If the Court orders, or if the Designating Party agrees in writing, access to, or dissemination of, information submitted by the Designating Party as "Confidential" or "Proprietary" information may be made to persons other than those included in Paragraph 2, but such matter shall only be accessible to, or disseminated to, such person in conformity with the written consent and agreement of the Designating Party or, if pursuant to a court order, based upon the conditions pertaining to, and obligations arising from this Order, and such persons shall be considered subject to it, unless the Court first finds that the information is not "Confidential" or "Proprietary" information as defined in Paragraph 1 hereof.

8. In the event the party receiving information designated as "Confidential" or "Proprietary" disputes whether the information is properly designated as such, the Receiving Party shall, within sixty (60) days, move for an order designating the information as not "Confidential" or Proprietary". The parties shall comply with any ruling thereon. Nothing in this Paragraph 8 shall be construed as shifting the applicable burden of proof for establishing the privilege or protection.

9. The parties shall not be precluded by this Order from timely complying with the demand or subpoena of any authority having jurisdiction. The parties, shall, however, use reasonable, diligent efforts to obtain confidential treatment of any Protected Information disclosed pursuant to this paragraph (or any other applicable provision hereof), and shall promptly notify the other party of

such demand or subpoena, providing full particulars thereof, together with full explanation and details regarding the other party's diligent efforts to obtain confidential treatment of Protected Information subject to this Order.

10. No "Confidential" or "Proprietary" documents shall be filed with the Court except under seal, or unless deemed non-Confidential and non-Proprietary in accordance with the procedure set forth in Paragraph 8 above. If a party wishes to file a document with the Court under seal, the party shall comply with the procedures set forth in Local Rule 5.1 for doing so.

11. With sole exception of counsel and their employees, each person to whom disclosure of "Confidential" or "Proprietary" information is to be made shall be advised of this Protective Order and shall execute an agreement (the form of which is Exhibit "A" hereto) (the "Confidential Agreement") signed pursuant to the terms of this Protective Order. Each such writing shall be retained by counsel and shall be made available to the other party upon request following settlement or judgment.

12. At the conclusion of the litigation, any originals or reproductions of any documents produced by a party shall be returned to the Designating Party or destroyed within 30 days upon request. Other than attorney work product, any and all copies, analyses, compilations, summaries and extracts in the possession or control of one party and "Qualified Persons" associated therewith which reflect or

include information derived from documents or testimony designated as "Confidential" or "Proprietary" by the other party shall be destroyed. "Confidential" or "Proprietary" information contained in attorney work product shall not be disseminated by the attorney, except in compliance with the procedures set forth in this Order.

13. If "Confidential" or "Proprietary" information submitted in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party and the Court and, without prejudice to other rights and remedies of the Designating Party, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

14. The production of any document or information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege shall not constitute a waiver of any such privilege or doctrine. Upon receipt of notice of such production from the Designating Party or upon the Receiving Party seeing that such production has been made, the Receiving Party shall, within fourteen (14) days, return all copies of such document(s) (the "Identified Materials") to the Designating Party other than copies containing attorney's notes or other attorney work product that may have been placed thereon

by counsel for the Receiving Party and shall destroy all copies of such documents that contain such notes or other attorney work product. The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents. The Receiving Party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by the Court as not privileged or protected. The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made. The party returning the Identified Materials may move the Court for an order compelling production of some or all of the materials returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production. This Paragraph 14 does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege. This Paragraph 14 also is not intended to waive or limit in any way either party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated herein.

15. Any Party may seek a modification of this Order at any time by filing an appropriate motion with the Court. Nothing in this Order shall abridge the right of any person to seek further judicial review or to pursue other appropriate judicial

action with respect to any ruling made by the Court concerning the issue of the status of "Confidential" or "Proprietary" information. Nothing contained herein shall be construed as a waiver of any objections which might be raised as to the admissibility of any evidentiary material at any time during the Litigation, including, but not limited to, at trial.

16. The provisions of this Order shall continue to be binding after the conclusion of the litigation, except that a party may seek the written permission of the Designating Party or further order of the Court with respect to dissolution or modifications of the Order which may also be made by any party at any time during the pendency of this litigation.

Pursuant to L.R. 11.2(a)(1), all signors to this document have consented to filing this Stipulation using the "/s/" electronic signature.

DATED this 2nd day of October, 2017.

    PAOLI LAW FIRM, PC

    By: /s/ Paul M. Leisher   (with consent)
        Paul M. Leisher

    Attorneys for Plaintiff

    BROWNING, KALECZYC, BERRY & HOVEN, P.C.

    By: /s/ Mark D. Etchart
        Mark D. Etchart

    Attorneys for Defendant Bank of America, N.A.

DATED this 4th day of October, 2017.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court